*127
 
 Gaston, Judge.
 

 Upon the whole, we are of opinion, that there is no error in the Judge’s charge.
 

 An Assault is an intentional attempt,, by violence, to do an injury to the person of another. It must be
 
 intentional
 
 — ■ for, if it can be collected, notwithstanding appearances to the contrary, that there is not a
 
 present
 
 purpose to do an injury, there is no assault. Thus, where-a man laid his hand on his sword and said “if it were not assize time, I would not take such language from you,” the Court agreed that it was not an assault; for the declaration was that he would not assault him, the Judges being in town, and the intention as well as the act makes an assault.
 
 Tuberville vs. Savage,
 

 1 Mod. Rep. 3. And it must also amount to an attempt—
 
 i for
 
 a purpose to commit violence, however fully indicated, if not acompanied by an effort to carry it into immediate execution, falls short of an actual assault. Therefore it is, that notwithstanding many ancienfopinions to the contrary, it is now settled, that no words can, of themselves, amount to an assault. 1 Hawk. C. 62 S. 1. page 110. And therefore, also it is said not to be an assault, if a man
 
 strike at
 
 another at such a distance that he cannot reach him, or put him in fear. 2 Comyn’s Bat. C. The distance is here explanatory of the
 
 apparent attempt
 
 to strike and shews that in truth, it is not an
 
 attempt
 
 — but only a
 
 menace
 
 — to do hurt to his person. It is difficult in practice, to draw the precise line which separates violence menaced from violence begun to be executed — for until the execution of it is begun, there can be no assault. We think, however, that where an unequivocal purpose of violence is accompanied by any
 
 act,
 
 which, if not stopped — or diverted — will be followed by personal injury — the execution of the purpose is then begun — •_ the battery is
 
 attempted.
 
 Thus, riding after a person so as to compel him to run into a garden for shelter to avoid being beaten, has been adjudged to be an assault.
 
 Morton vs. Shoppe, 3
 
 Car. & Payne, 373 (14 Eng. Com. Law Rep. 355) So, in a late case, before a very eminent English Jndge, it was held, that where the defendant was advancing in a threatening attitude,
 
 with intent
 
 to strike the plaintiff, so that his blow would, in a second or two, have reached the
 
 *128
 
 plaintiff, if be had not been stopped, although when stop-Pe(^ was not; near eQ0U&^ to strike) an assault was committed.
 
 Stephen vs.
 
 Myers, 4 Car. & Payne, 349 (19 Eng. Com. Law, Rep. 414.) In the case under consideration, the "intent of the defendant to seize the prosecutor’s person was not in question. The instruction prayed for, and the instruction given necessdn^CJpresupposes it. The instruction prayed for is, “that if defeMant was not in striking^distance,
 
 when he made the blots,
 
 hpXvas not guilty of an assault,” and the instructiotu-giren is, that an
 
 offer “ to strike,
 
 at such a distance that arrymne-GOijId see
 
 the blots
 
 would not take effect, was not an assault” — but that “
 
 the offer
 
 to strike would be an assault, although the assailant was not neat enough to reach, if the distance were such as to induce a man of ordinary firmness, under the accompanying circumstances, to believe that he would instantly receive a blow, unless he struck in self defence.” “ Rushing,” with that intent, upon the prosecutor, and approaching, in execution of that intent, so near as to rend^jt necessary for the prosecutor’s safety to'strike him down, amounts in law to- an assault the defendant.
 

 Per Curiam. • Judgment to be affirmed.