### STATE v. JERRY WYNN BRITT.

(Filed 24 May, 1967.)

**1. Assault and Battery § 4—**

A battery always includes an assault, and where there is a battery by the application of force, directly or indirectly, to the person of another, there is an assault and battery.

**2. Assault and Battery § 14—**

Evidence that the 16 year old prosecutrix resisted the amorous advances of defendant, a 26 year old man, whereupon defendant hit her on her neck and slapped her when she screamed, *held* sufficient to sustain verdict of defendant's guilt of an assault upon a female, he being a male person over 18 years of age, and defendant's contention that the prosecutrix encouraged defendant in his advances prior to resisting him, is no defense, and the principle of a constructive assault, where a person, through fear, is forced to go where she would not otherwise have gone, or leave a place she had a right to be, is inapposite.

**3. Criminal Law § 106—**

Where the evidence is direct and amply sufficient to support the verdict, there being no circumstantial evidence before the jury, the failure of the court to charge the jury that a reasonable doubt may arise out of the insufficiency of the evidence, will not be held prejudicial, the court having correctly defined reasonable doubt and charged the jury that the burden was on the State, and remained on the State throughout the trial, to prove each essential element of the offense beyond a reasonable doubt.

STATE *v.* BRITT.

**4. Criminal Law § 121—**

 The solicitor is entitled to contend in his argument to the jury that the evidence would warrant an indictment for a graver offense and that defendant was fortunate that he was only charged with a lesser offense, and to contend that defendant was so intoxicated that soon after he committed the assault on prosecutrix he passed out, when such contentions arise on the evidence, and it is not error for the court to repeat such contentions of the State in its charge to the jury.

SHARP, J., concurring.

BOBBITT, J., joins in concurring opinion.

APPEAL by defendant from *Clark, S.J.,* October 1966 Regular Criminal Term, BLADEN Superior Court.

The defendant was charged with assault with intent to commit rape on Sue Johnson on 14 August 1966. He was convicted of an assault on a female, received a sentence of not less than twelve (12) months nor more than eighteen (18) months in prison, and appealed.

The evidence for the State tended to show that the defendant and Sue Johnson worked at the same place, had known each other for a month and had had one date prior to 14 August 1966. When she finished her work that afternoon, she went to a movie, and the defendant later came in and asked her to go riding with him, which she did. They stopped at one or two places where they engaged in kissing and then came to a secluded spot where the defendant attempted to take more serious liberties. She said that "he started getting fresh and putting his hands where he didn't belong to, and I would slap at him." The defendant had gotten some liquor and was drinking at this point until he finally consumed the entire bottle. Sue testified that around midnight "he began to get rough again — trying to put his hands where they didn't belong. He tried to unbutton my blouse then," and "he pushed me down on the seat and he would pick àt me . . . I would try to get up and he would push me back. When he pushed me back, he pulled up my skirt and I wouldn't pull off my clothes . . . He tore my pants or pulled them aside. . . . I screamed four or five times. He hit me when I screamed, on my neck. The last time he told me to shut up, and slapped me. He didn't hit me with all his strength. He hit — it was hard enough." She further testified that the defendant got on her and attempted to have relations with her but did not succeed. She continued to ask him to take her home, but the car would not start, and they stayed in it until about daybreak, when the defendant left. Upon his failure to return within an hour, Sue left, went to a nearby house and obtained a ride home. Upon seeing her mother, she told her what had happened, and the sheriff's department was noti-

fied. She repeated to the officers what she had told her mother, and later that day was examined by Dr. E. C. Bennett who testified that he found a contusion or bruising of the hymen but that it was not torn, and that she had not been penetrated sufficiently to rupture the hymen.

Sue testified that her skirt was torn, that the lace was torn from her underpants, and that there was blood on her slip and the pants. Her mother corroborated this, and the garments were exhibited at the trial. Mrs. Johnson testified that she had washed the pants by mistake, and they therefore did not show the blood at the time of the trial.

Sue Johnson was sixteen years of age at the time, and the defendant was in his late twenties, being divorced, and the father of two children.

The defendant offered no evidence, and upon judgment pronounced gave notice of appeal.

*Nance, Barrington, Collier & Singleton by Carl A. Barrington, Jr., for defendant appellant.*

*T. W. Bruton, Attorney General; Millard R. Rich, Jr., Assistant Attorney General, for the State.*

PLESS, J. The defendant devotes a substantial portion of his brief to the exceptions taken because the Court denied his motion for judgment as of nonsuit at the close of the plaintiff's evidence and at the end of all the evidence. Whether there was sufficient evidence to sustain a verdict of guilty of an assault with the intent to commit rape is not now relevant, since the defendant was convicted only of a misdemeanor: an assault on a female, he being a male person more than eighteen (18) years of age. The evidence given in the statement of facts shows that the defendant hit the sixteen year old girl on her neck and that he slapped her when she screamed. This, of course, constitutes an assault. The defendant argues that Sue had "placed herself in a position of leading and encouraging the defendant, Jerry Wynn Britt, into amorous advances which she now claims amount to an 'assault,'" and further contends that "none of the required elements for a conviction of assault on a female, to wit: that the defendant threatened or menaced the prosecuting witness in such a way as to cause her to go where she would not otherwise have gone or to leave a place where she had a right to be." We know of no such requirement in the law of assault. A battery always includes an assault, and is an assault whereby any force is applied, directly or indirectly, to the person of another. *State v. Sudderth,* 184 N.C. 753, 114 S.E. 828. Probably the most succinct defi-

nition is "an assault is an intentional attempt, by violence, to do injury to the person of another." *State v. Davis*, 23 N.C. 125. This definition has been cited by this Court dozens of times and embodies all the necessary elements of the offense. It is applicable to the evidence in this case.

The defendant also takes exception to the charge in that it omits a statement that a reasonable doubt may arise out of the insufficiency of the evidence. However, the Court said " 'beyond a reasonable doubt' . . . does not mean a vain, imaginary or fanciful doubt, but it means a sane, rational doubt. It means that you, the jury, must be fully satisfied or entirely convinced of the truth of the charge against this defendant." And also, "the burden of proof is on the State and remains on the State from the beginning to the end of the trial. It does not shift at any stage of the trial to the defendant, and the defendant is not required to disprove the State's case; and the State must fail if from the whole of the evidence you, the jury, are not satisfied beyond a reasonable doubt that the defendant is guilty of every element of the offense with which he is charged."

In *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133, Denny, J., later C.J., said that a definition of reasonable doubt, "without adding 'or from the lack or insufficiency of the evidence' or some equivalent expression, it is error. But, whether or not such error will be considered sufficiently prejudicial to warrant a new trial will be determined by the evidence involved. Here the State's evidence was direct and amply sufficient to support the verdict. No circumstantial evidence was before the jury, nor could there have been any doubt as to the sufficiency of the State's evidence, if believed, to warrant a conviction."

When a sixteen year old child testifies that a man nearly twice her age, and experienced in the ways of the world, takes her to a secluded part of a country road and there slaps and beats her and holds her down while he gets on top of her and attempts to have sexual relations with her by force, we hold that the above statement from the *Hammonds* case is applicable, that the State's evidence "was direct and amply sufficient to support the verdict," and that the omission was not "sufficiently prejudicial to warrant a new trial."

The defendant further complains that in his charge the Court referred to the State's contentions that "the defendant not only committed the crime of assault with intent to rape, but that he actually committed the capital offense of rape"; and "that he is fortunate that he is only charged with assault with intent to commit rape," and that "he was intoxicated to such an extent that soon after

he committed this assault with intent to rape or actually rape, that he passed out or went to sleep and that the young sixteen year old girl had to stay there in the woods, in the car until daylight the following morning." It is reasonable to assume that the Solicitor in his argument to the jury would have made such contentions, all of which are logical and naturally arise upon the State's evidence, and in repeating them as being some of the State's contentions, the Judge committed no error.

It must be recalled that the defendant was not convicted of rape or attempted rape, which are the subjects criticized by the defendant, but of a misdemeanor, to-wit, assault on a female.

A full consideration of the defendant's exceptions reveals no substantial error that would justify another trial.

No error.

SHARP, J., concurring:   I concur fully in the result reached by the majority opinion, but I deem its reference to the case of *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, to be misleading and the quotations therefrom to be inapplicable to the definition of reasonable doubt which the court gave to the jury in this case. There are many acceptable definitions of reasonable doubt. Indeed, this Court has said, "The words 'reasonable doubt' in themselves are about as near self-explanatory as any explanation that can be made of them." *State v. Wilcox,* 132 N.C. 1120, 1137, 44 S.E. 625, 631, quoted with approval in *State v. Phillip,* 261 N.C. 263, 269, 134 S.E. 2d 386, 391.

Here Judge Clark told the jury, " '(B)eyond a reasonable doubt' . . . does not mean a vain, imaginary or fanciful doubt, but it means a sane, rational doubt. It means that you, the jury, must be fully satisfied or entirely convinced of the truth of the charge against this defendant." This definition has been approved many times. *State v. Phillip, supra; State v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895; and see the cases collected in *State v. Hammonds, supra* at 232, 85 S.E. 2d at 138. It is only when reasonable doubt is defined as "a doubt arising out of, or growing out of, the evidence in the case" that it is error for the judge not to add "or from the lack or insufficiency of the evidence," or some equivalent expression. *State v. Braxton, supra.* But whether such failure will "warrant a new trial will be determined by the evidence involved." *State v. Hammonds, supra* at 233, 85 S.E. 2d at 139.

The definition of reasonable doubt employed by the court in this case contains no error of omission.

BOBBITT, J., joins in the concurring opinion.