State v. Dorsett

No. 8618SC92

(Filed 17 June 1986)

**1. Criminal Law § 91— Interstate Agreement on Detainers—time of trial**

There was no merit to defendant's contention that he was not brought to trial on a particular indictment within 180 days after written notice of his place of imprisonment and his request for final disposition of the charges against him was delivered to the district attorney and clerk of court, as required by the Interstate Agreement on Detainers, since the indictment in question was superseded by another indictment which properly charged defendant with the same offense, and by entering into a stipulation which covered the later indictment, defendant waived any right he may have had pursuant to the Interstate Agreement on Detainers to be tried prior to the end of the agreed upon time period.

**2. Criminal Law § 66.16— photographic lineup—in-court identification of independent origin**

Evidence was sufficient to support the trial court's findings and conclusions that a photographic lineup viewed by witnesses was not impermissibly suggestive and that their in-court identifications of defendant were based on their observations of defendant at the time of the crime and were not influenced or tainted in any way by out-of-court identification procedures.

**3. Criminal Law § 138.7— sentence—conviction on appeal as aggravating factor—impropriety**

The trial court erred in sentencing by finding as the sole aggravating factor that defendant had been convicted of robbery with a dangerous weapon in a case which was on appeal to the Court of Appeals at the time of the sentencing hearing. N.C.G.S. § 15A-1340.2.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 28 August 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 June 1986.

Defendant was charged in a proper bill of indictment with the robbery with a dangerous weapon of Omega Prescription Centers, Inc., d/b/a The Medicine Shoppe pharmacy. At trial, the State presented evidence tending to show that on 28 November 1983 defendant, accompanied by another man, entered The Medicine Shoppe in Greensboro, pointed a gun at the pharmacist and her assistant and took certain controlled substances and money from the cash register. The pharmacist, Omega Dean, and her assistant, Betty New, identified defendant in a photographic line-up and at trial as the armed perpetrator of the robbery. The jury found defendant guilty as charged. From a judgment imposing a prison sentence of thirty years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debbie K. Wright, for the State.*

*Assistant Public Defender Anne B. Lupton for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the trial court's denial of his motion to dismiss for failure of the State to comply with the provisions of the Interstate Agreement on Detainers, G.S. 15A-761. Defendant was incarcerated in Missouri when he was notified that a detainer had been filed against him by Guilford County for thirteen charges of robbery with a dangerous weapon. Defendant contends that he was not brought to trial for case No. 85CRS28545 within 180 days after written notice of his place of imprisonment and his request for final disposition of the charges against him were delivered to the Guilford County District Attorney and Clerk of Court, as required by the Interstate Agreement on Detainers. We disagree.

The record discloses that on 1 July 1985, counsel for defense and the State stipulated in a written agreement that the Interstate Agreement on Detainers applied to defendant's indictments for armed robbery, including indictment No. 85CRS20292, and "that these matters must be brought to trial pursuant to that Act on or before August 6, 1985, unless the matter is continued in open court, in the presence of the counsel for the defendant, Charles T. Dorsett for good cause shown." The record further discloses that indictment No. 85CRS20292 was filed attempting to

charge defendant with the armed robbery on 28 November 1983 of Omega Prescription Centers, Inc., d/b/a The Medicine Shoppe, but indictment No. 85CRS28545 was subsequently filed, properly charging defendant with the same offense and thus superseding indictment No. 85CRS20292. G.S. 15A-646. By entering into the stipulation, defendant waived any right he may have had pursuant to the Interstate Agreement on Detainers to be tried prior to the end of the agreed upon time period. The record discloses that defendant's trial was timely under the terms of the stipulation. Therefore, the trial court did not err in denying defendant's motion to dismiss.

[2] Defendant next contends that the trial court erred in denying his motions to suppress the identification testimony of, Betty New and Omega Dean. Prior to trial, defendant filed a motion to suppress the photographic identification and in-court identification of defendant by these witnesses for the State. At trial, following voir dire examinations of Omega Dean and Betty New, the trial court made detailed findings and conclusions regarding their identification of defendant as the perpetrator of the robbery. The court found and concluded that the photographic line-up viewed by these witnesses was not impermissibly suggestive and that their in-court identification of defendant was based on their observations of defendant at the time of the crime and were not influenced or tainted in any way by out-of-court identification procedures. We have reviewed the evidence adduced on voir dire and hold that the findings and conclusions made by the trial court are supported by competent evidence in the record.

[3] Defendant's final contention is that the trial court erred in sentencing by finding as the sole aggravating factor that defendant had been convicted of robbery with a dangerous weapon in Guilford County case No. 85CRS28542 because that case was on appeal to this Court at the time of the sentencing hearing. We agree.

G.S. 15A-1340.2 defines "prior conviction" for the purposes of the Fair Sentencing Act as follows:

A person has received a prior conviction when he has been adjudged guilty of or has entered a plea of guilty or no contest to a criminal charge, and judgment has been entered

thereon, and the time for appeal has expired, or the conviction has been finally upheld on direct appeal.

G.S. 15A-1340.2(4). Defendant's appeal in Guilford County case No. 85CRS28542 had not been finally upheld on direct appeal at the time of the sentencing hearing, but was on appeal to this Court. Therefore, the trial court erred in finding as an aggravating factor that defendant had a prior conviction.

For the foregoing reasons, we hold that defendant had a fair trial free of prejudicial error, but remand for a new sentencing hearing.

No error in trial; remanded for resentencing.

Judges EAGLES and COZORT concur.