STATE v. DAMMONS

[120 N.C. App. 182 (1995)]

STATE OF NORTH CAROLINA v. CLAUDE EDWARD DAMMONS

No. COA94-1356

(Filed 5 September 1995)

1. **Assault and Battery § 26 (NCI4th)— assault with deadly weapon inflicting serious injury—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury where evidence that defendant had been drinking, pointed a gun with no cock hammer in the victim's direction at close range, and intentionally pulled the trigger was sufficient to show defendant either intentionally shot the victim or that he acted with a reckless disregard for her safety and was therefore culpably negligent when he intentionally pulled the trigger of the gun.

**Am Jur 2d, Assault and Battery §§ 37-42.**

2. **Criminal Law § 1193 (NCI4th)— prior conviction on appeal—consideration as aggravating factor—error—finding supported by other convictions**

Though it is erroneous to find a prior conviction as an aggravating factor when this conviction is on appeal at the time of sen-

---

tencing, the trial court in this case did not err in finding prior convictions as an aggravating factor where this finding was supported by three prior convictions admitted by defendant which were not on appeal.

**Am Jur 2d, Trial § 501.**

**3. Criminal Law § 1094 (NCI4th)— balancing of aggravating and mitigating factors—consideration of conviction on appeal—abuse of discretion**

Because the trial court may have improperly considered a conviction of defendant which was on direct appeal at the time of the sentencing, and because the conviction must reasonably have been considered by the court in its balancing of the factors in aggravation and mitigation of punishment, the trial court abused its discretion in weighing those factors.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 18 May 1994 by Judge D. Jack Hooks, Jr., in Lee County Superior Court. Heard in the Court of Appeals 12 June 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Lisa C. Bland, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant-appellant.*

JOHN, Judge.

Defendant appeals convictions of assault with a deadly weapon inflicting serious injury and of being an habitual felon and subsequent sentence to a term of life imprisonment. In his appellate brief, defendant presents two arguments. We find the second persuasive.

Evidence presented at trial tended to show the following:

Teresa Stokes (Stokes) testified she and defendant lived together. On 29 January 1994, Stokes and defendant were seated in his automobile behind their apartment. Defendant asked Stokes to give him his money, and she bent over to reach her purse. When Stokes sat back up, defendant was pointing a .380 Magnum handgun at her. While the weapon had no cock hammer, it did have a safety. Defendant said, "[Y]ou know I love you, don't you," and then shot

Stokes. Shortly thereafter, Stokes opened the automobile door and fell from the vehicle. Defendant got out and picked her up. Stokes demanded that defendant take her to the hospital. Defendant inquired whether she would tell the police and directed her to say she had been shot in a gang fight. Defendant then drove around for fifteen or twenty minutes prior to transporting Stokes to the hospital. He neither assisted Stokes' admission to the hospital nor entered the hospital himself.

On cross-examination, Stokes indicated the gun did not go off by accident. When asked how she knew that, she replied, "Because he pulled the trigger."

Dr. Edward Stanton (Dr. Stanton), a general surgeon, related seeing Stokes on 29 January 1994 in the emergency room of Central Carolina Hospital. Stokes was in shock with low blood pressure and a high heart rate. She told Dr. Stanton she had been shot by her boyfriend. Dr. Stanton described Stokes' injuries as serious: she had lost a great deal of blood, and the bullet had passed through her stomach, grazed her pancreas, and had come to rest between her colon and liver.

Detective B.D. Barber (Barber) of the Sanford Police Department testified he spoke to Stokes at the hospital following her treatment by Dr. Stanton. Stokes told Barber defendant had shot her. Shortly thereafter, Barber arrested defendant who smelled of alcohol at the time but was not intoxicated.

Testifying on his own behalf, defendant stated he had consumed two or three drinks on 29 January 1994 throughout the day. While sitting in the automobile behind his residence, he had taken his gun out of his pocket in order to remove a slug from its barrel when the gun "just went off" because he "must have touched the trigger on it."

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. Defendant then pled guilty to habitual felon status. From the judgment imposed by the trial court, defendant appeals.

[1] Defendant first argues the trial court erred by denying his motion to dismiss the charge of assault with a deadly weapon inflicting serious injury. He contends the State presented insufficient evidence that he intentionally shot Teresa Stokes. We disagree.

STATE v. DAMMONS

[120 N.C. App. 182 (1995)]

In ruling upon a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the offense charged, or of a lesser included offense, and of the defendant being the perpetrator. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). Substantial evidence is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citation omitted). The evidence is to be considered in the light most favorable to the State, and "the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117 (citations omitted).

"An assault is 'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another . . . sufficient to put a [reasonable person] in fear of immediate bodily harm.'" *State v. Davis*, 68 N.C. App. 238, 244, 314 S.E.2d 828, 832 (1984) (quoting *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967)). "[I]ntent is an essential element of the crime of assault . . ., but intent may be implied from culpable or criminal negligence if the injury or apprehension thereof is the direct result of intentional acts done under circumstances showing a reckless disregard for the safety of others and a willingness to inflict injury." *State v. Coffey*, 43 N.C. App. 541, 543, 259 S.E.2d 356, 357 (1979) (citations omitted).

In the case *sub judice*, the trial court instructed the jury that the State was required to prove beyond a reasonable doubt that defendant "intentionally" shot Stokes with a handgun. The court further charged that defendant would not be guilty of the assault if the shooting was accidental, that a shooting is not accidental if it results from culpable negligence, and that the State had the burden of proving beyond a reasonable doubt the shooting was not accidental. The court also defined culpable negligence as "such gross negligence or carelessness as imparts a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others."

Stokes testified defendant had been drinking, that he pointed a gun with no cock hammer in her direction at close range, and that he intentionally pulled the trigger on the weapon. Viewed in the light most favorable to the State, the evidence presented was sufficient to show defendant either intentionally shot Stokes or that he acted with a reckless disregard for her safety and was therefore culpably negli-

gent when he intentionally pulled the trigger of the gun. The trial court did not err by denying defendant's motion to dismiss and correctly instructed the jury as to the proof required in this case. Defendant's first argument fails.

**[2]** Defendant also maintains the trial court erred "by considering as an aggravating factor a prior conviction which was on direct appeal at the time defendant was being sentenced." Defendant states in his brief he "does not contend that the finding [that he had prior convictions for criminal offenses punishable by more than sixty days confinement] itself was erroneous." Instead, he contends the trial court may have weighed this factor more heavily because it relied on a prior conviction that could not properly be used to support the factor. We believe defendant's reasoning has merit.

Pursuant to N.C. Gen. Stat. § 15A-1340.4(b) (1988), the trial court may sentence a defendant to a prison term greater than the presumptive if the court determines the aggravating factors outweigh the mitigating factors. Aggravating factors must be proved by a preponderance of the evidence. *State v. Thompson*, 314 N.C. 618, 622, 336 S.E.2d 78, 80 (1985) (citation omitted). Our Supreme Court has addressed the effect of erroneous findings of aggravating factors:

> Reliance on a *factor* in aggravation determined to be erroneous may or may not have affected the balancing process which resulted in the decision to deviate from the presumptive sentence. . . . [I]n every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing.

*State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 700-01 (1983). It is erroneous to find a prior conviction as an aggravating factor when this conviction is on appeal at the time of sentencing. *State v. Dorsett*, 81 N.C. App. 515, 518, 344 S.E.2d 342, 344 (1986).

In the case *sub judice*, defendant pled guilty to habitual felon status, thereby admitting three prior convictions for criminal offenses punishable by more than sixty days confinement. Prior convictions used to establish a defendant's habitual felon status may also be used in aggravation of the sentence for the underlying felony. *State v. Roper*, 328 N.C. 337, 363, 402 S.E.2d 600, 615, *cert. denied*, 502 U.S. 902, 116 L. Ed. 2d 232 (1991). However, in addition to the prior convictions admitted by defendant, it appears the trial court may also

have considered a 25 March 1994 conviction that was on direct appeal at the time of sentencing.

Notwithstanding, defendant has failed to show the finding of his prior convictions was not supported by a preponderance of the properly considered evidence. Unlike *Dorsett*, 81 N.C. App. at 518, 344 S.E.2d at 344, the finding in the case *sub judice* was supported by convictions *not* on direct appeal at the time of sentencing. The three prior convictions admitted by defendant supported the finding which, as defendant concedes in his brief, was therefore not erroneous. Absent such error, defendant is not entitled to resentencing unless the trial court abused its discretion in weighing the factors.

[3] The trial court found as a mitigating factor that defendant voluntarily pled guilty to habitual felon status. However, the court concluded that the aggravating factor of the prior convictions outweighed the mitigating factor and imposed the maximum punishment. The weight to be given aggravating and mitigating factors is a matter within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State v. Teeter*, 85 N.C. App. 624, 639, 355 S.E.2d 804, 813, *appeal dismissed and disc. review denied*, 320 N.C. 175, 358 S.E.2d 67 (1987) (citations omitted).

Our Supreme Court has determined that although

[r]eliance on a factor in aggravation determined to be erroneous may or may not have affected the balancing process which resulted in the decision to deviate from the presumptive sentence . . . it must, [however,] be assumed that every factor in aggravation measured against every factor in mitigation, with concomitant weight attached to each, contributes to the *severity* of the sentence—the quantitative variation from the norm of the presumptive term.

*State v. Ahearn*, 307 N.C. at 602, 300 S.E.2d at 700-701 (emphasis in original).

We believe the court's analysis likewise controls the circumstance at issue herein. It can only reasonably be assumed that every prior conviction considered by the trial court as a basis for an aggravating factor contributes to the weight assigned that factor by the court in its discretionary balancing of factors in aggravation and mitigation of punishment. That being the case, every prior conviction must reasonably be assumed to contribute to the severity of the sentence ultimately imposed. *Id.*

Because it appears the trial court herein may have improperly considered a conviction of defendant which was on direct appeal at the time of sentencing, and because that conviction must reasonably have been considered by the court in its balancing of the factors in aggravation and mitigation of punishment, we conclude the trial court abused its discretion in weighing those factors and that defendant is therefore entitled to a new sentencing hearing. *Id.*

No error in trial; remanded for resentencing.

Judges EAGLES and McGEE concur.