STATE OF NORTH CAROLINA v. GLENN WEST

No. COA00-1347

(Filed 6 November 2001)

**1. Appeal and Error— preservation of issues—jury instructions**

A defendant properly preserved for appeal his objection to the trial court's jury instructions in an assault on a female case as required by N.C. R. App. P. 10(b)(2) when he tendered the proposed jury instructions and the trial court refused to submit these instructions to the jury because the purpose of Rule 10(b)(2) is to bring errors in jury instructions to the trial court's attention in order to prevent unnecessary new trials.

**2. Assault— on a female—jury instructions on battery**

The trial court did not err in an assault on a female case by refusing to use defendant's proposed jury instructions defining battery as the unlawful application of force to the person of another by the aggressor himself or by some substance which he puts in motion, because the trial court's jury instructions defining battery as an assault whereby any force, however slight, is actually applied to the person of another directly or indirectly presented in substance what defendant had requested.

**3. Assault— on a female—jury instructions on battery— clarification**

The trial court's clarification in an assault on a female case on the jury instructions for battery by substituting the word "touch" for the word "force" was not error because the clarification did not change the substance of the jury instructions and created no conflict for defendant even though he claims he relied on the earlier use of the word "force" in framing his closing argument.

Appeal by defendant from judgment dated 20 January 2000 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 16 October 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa C. Glover, for the State.*

*Law Offices of Janet I. Pueschel, by Janet I. Pueschel, for defendant-appellant.*

GREENE, Judge.

Glenn West (Defendant) appeals a judgment dated 20 January 2000 and entered consistent with a jury verdict finding Defendant guilty of misdemeanor assault on a female by a male person over the age of eighteen, N.C.G.S. § 14-33(c)(2) (1999).

On 27 January 1999, Sandi Joyce Honeycutt (Honeycutt) asked Defendant, a coworker, for assistance in operating a copy machine with which she was unfamiliar. As Defendant was helping Honeycutt, he complimented her on her looks. Defendant next reached under Honeycutt's jacket and touched her breast with his hand.

On 6 February 1999, Honeycutt filed a criminal complaint against Defendant, and a criminal summons for misdemeanor assault on a female was issued for Defendant that day. The Superior Court of Wake County tried the case before a jury. Both Honeycutt and Defendant testified at trial that Defendant had complimented Honeycutt and then proceeded to touch her breast. At the close of all the evidence, Defendant's attorney proposed the following jury instructions on the element of assault:

> An assault may also be committed by battery. Battery is the unlawful application of force to the person of another by the aggressor himself or by some substance which he puts in motion.

The trial court instructed the jury in pertinent part:

> [F]or you to find the [D]efendant guilty of assault on a female by a male person, the State must prove . . . .

> First, that the [D]efendant intentionally used force, however slight, to cause contact with the alleged victim. Second, that such bodily contact actually offended a reasonable sense of her personal dignity. Third, that such bodily contact occurred without the alleged victim's consent.

The jury retired to begin deliberations but returned to request instructions from the trial judge on the definitions of "slight" and "force." The trial judge conferred with counsel and, over Defendant's objection, amended his jury instructions to read: "And the new first element would be first, that the [D]efendant intentionally touched, however slight, the body of the alleged victim. So instead of the word 'force' I have substituted the word 'touch.' " The jury then rendered a

unanimous guilty verdict to which Defendant gave notice of appeal in open court.

---

The issues are whether: (I) Defendant properly preserved his first assignment of error for appeal; (II) the trial court committed error in not using Defendant's proposed jury instructions; and (III) following the jury's request for further instructions, the trial court's substitution of the word "touch" for "force" was error.

I

[1] The State argues because Defendant did not object to the trial court's instructions before the jury retired, Defendant did not properly preserve his first assignment of error for appeal as required by N.C.R. App. P. 10(b) (2). The State therefore contends our review of Defendant's assignment of error must be limited to whether the trial court committed plain error by rejecting Defendant's proposed jury instructions. The purpose of Rule 10 (b)(2), however, is to bring errors in jury instructions to the trial court's attention in order to prevent unnecessary new trials. *Wall v. Stout*, 310 N.C. 184, 188, 311 S.E.2d 571, 574 (1984). "[T]his policy is met when a request to alter an instruction has been submitted and the trial judge has considered and refused the request." *Id.* at 189, 311 S.E.2d at 574. Consequently, Defendant's tender of proposed jury instructions and the trial court's refusal to submit these to the jury sufficed to preserve the issue for appeal, and our review is not restricted to plain error.

II

[2] Defendant argues the trial court's refusal to use Defendant's proposed jury instructions was error. A judge must provide the jury with the substance of an instruction requested by a party if the instruction is correct and supported by the evidence at trial. *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). Assault on a female may be proven by finding either an assault on or a battery of the victim. *State v. Britt*, 270 N.C. 416, 418, 154 S.E.2d 519, 521 (1967). Assault is defined as " 'an intentional attempt, by violence, to do injury to the person of another.' " *Id.* at 419, 154 S.E.2d at 521 (quoting *State v. Davis*, 23 N.C. 125 (1840)). Battery "is an assault whereby any force is applied, directly or indirectly, to the person of another." *Id.* at 418, 154 S.E.2d at 521 (citing *State v. Sudderth*, 184 N.C. 753, 755, 114 S.E. 828, 829 (1922)). The trial court's jury instructions only define assault as committed by a battery, and it is the trial court's definition of battery which Defendant appeals.

In this case, Defendant's proposed instructions derive from *State v. Hefner*, 199 N.C. 778, 155 S.E. 879 (1930), in which our Supreme Court defines battery as "the unlawful application of force to the person of another by the aggressor himself, or by some substance which he puts in motion." *Id.* at 780, 155 S.E. at 881. The actual jury instructions given by the trial court were taken verbatim from *State v. Sudderth*, 184 N.C. at 755, 114 S.E. at 829 (defining battery as "an assault whereby any force, however slight, is actually applied to the person of another, directly or indirectly"). Although our Supreme Court has over time used slightly different language to define battery, *see Britt*, 270 N.C. at 418, 154 S.E.2d at 521; *Hefner*, 199 N.C. at 780, 155 S.E. at 881; *Sudderth*, 184 N.C. at 755, 114 S.E. at 829, the definition of battery has remained the same in substance, *see State v. Wallace*, 351 N.C. 481, 525, 528 S.E.2d 326, 353, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). Thus, while Defendant's proposed jury instructions were certainly a correct statement of the law, the trial court's jury instructions were proper as they presented in substance what Defendant had requested. *See Harvell*, 334 N.C. at 364, 432 S.E.2d at 129.

## III

[3] Defendant next contends had the original jury instructions not been erroneously altered, there would have been a reasonable probability that the jury could have reached a different result. We disagree that the trial court's subsequent use of the word "touch" was error. As the State correctly points out, " 'a battery . . . may be proved by evidence of any unlawful touching of [a] person.' " *Sudderth*, 184 N.C. at 756, 114 S.E. at 829 (citation omitted). This simply presents a further variation on the definition of battery. *See Wallace*, 351 N.C. at 525, 528 S.E.2d at 353. Hence, the trial court's clarification did not change the substance of the jury instructions and created no conflict for Defendant who claims to have relied on the earlier use of the word "force" in framing his closing argument.

No error.

Judges HUNTER and THOMAS concur.