**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4409**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE CARROLL CALLAHAN, JR., a/k/a Hoss
Callahan,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-03-85)

———————

Submitted:  September 30, 2005          Decided:  May 16, 2006

———————

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Walter H. Paramore, III, LAW OFFICES OF WALTER H. PARAMORE, III,
P.C., Jacksonville, North Carolina, for Appellant.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Christine Witcover
Dean, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bruce Carroll Callahan, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Callahan to a 235-month term of imprisonment after finding that he was an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005). Callahan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the district court properly concluded that two of Callahan's predicate offenses were committed on occasions different from one another and whether, in light of Blakely v. Washington, 542 U.S. 296 (2004), the district court sentenced Callahan as an armed career criminal in violation of the Sixth Amendment. After counsel filed the initial brief, we entered an order according Callahan the opportunity to file a supplemental brief in light of United States v. Booker, 543 U.S. 220 (2005). Counsel filed a supplemental brief, asserting that Callahan should be resentenced because the district court proceeded under a mandatory sentencing guidelines scheme. Callahan was informed of his right to file a pro se supplemental brief but has not done so. We affirm.[1]

---

[1]In light of our disposition of this case, we deny the Government's motion for summary affirmance as moot. See 4th Cir. R. 27(f).

Counsel asserts that the district court erred in designating Callahan as an armed career criminal. Counsel reasons that Callahan's two prior North Carolina convictions for assault with a deadly weapon with intent to kill or inflict serious injury and assault with a deadly weapon inflicting serious injury were not committed on occasions different from one another for purposes of § 924(e) because those offenses were consolidated for judgment in state court. In considering whether the district court properly designated Callahan as an armed career criminal, we review the court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). This court recently stated that determining whether offenses were committed on occasions different from one another is a question of law. United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006).

Our review of the record leads us to conclude that the district court did not err in concluding that the assaults were separate and distinct criminal episodes because Callahan knifed the first victim, left the scene, returned nearly two hours later, and shot the second victim. See United States v. Letterlough, 63 F.3d 332, 335-36 (4th Cir. 1995) (setting forth factors for court to consider in determining whether offenses were committed on different occasions under § 924(e)); see also Thompson, 421 F.3d at 285 (collecting cases applying factors). Although Callahan asserts

- 3 -

that these assault convictions should have been counted as a single predicate offense because they were consolidated for judgment in state court, his assertion is foreclosed by our decision in United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) ("Nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses."). We therefore find that the district court did not err in designating Callahan as an armed career criminal.

Next, citing Blakely v. Washington, 542 U.S. 296 (2004), counsel asserts that sentencing Callahan as an armed career criminal violated Callahan's Sixth Amendment rights because the prior convictions were not admitted by Callahan or submitted to a jury. Because Callahan did not raise this issue in the district court, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Callahan's argument is foreclosed by our decisions in Thompson, 421 F.3d at 283-86 (holding that nature and occasion of offenses are facts inherent in convictions and those facts need not be alleged in indictment or submitted to jury), and United States v. Cheek, 415 F.3d 349, 350-51 (4th Cir.) (holding that application of armed career criminal enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further

fact finding about a prior conviction),[2] <u>cert. denied</u>, 126 S. Ct. 640 (2005).  Thus, there is no Sixth Amendment error in this case.

Finally, counsel asserts that Callahan's sentence violates <u>Booker</u> because the district court sentenced Callahan under a mandatory sentencing guidelines scheme.  Because Callahan did not rely on <u>Blakely</u> or <u>Booker</u> in the district court, we review this claim for plain error.  <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir.) (stating standard of review), <u>cert. denied</u>, 126 S. Ct. 668 (2005).  Although we held in <u>White</u> that treating the guidelines as mandatory constitutes plain error, <u>see</u> <u>id.</u> at 216-17, our review of the record convinces us that there is no nonspeculative basis on which we could conclude that the district court would have sentenced Callahan to a lower sentence had the court proceeded under an advisory guidelines scheme.  <u>See</u> <u>id.</u> at 225.  Thus, Callahan has failed to demonstrate that the plain error in sentencing him under a mandatory sentencing guidelines scheme affected his substantial rights.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none.

---

[2]Although the presentence report relied on a "DOC Official Crime Version" in setting forth the facts underlying two of the predicate offenses used to designate Callahan as an armed career criminal, Callahan admitted those facts at the state court plea hearing.  Thus, there is no violation of the rule announced in <u>Shepard v. United States</u>, 544 U.S. 13 (2005). <u>See</u> <u>United States v. Simms</u>, 441 F.3d 313, 317 (4th Cir. 2006) (citing <u>Parilla v. Gonzales</u>, 414 F.3d 1038, 1044 (9th Cir. 2005)).

Accordingly, we affirm Callahan's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED