**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4196**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COREY FLEAMON TOWNSEND,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00147-WO-1)

Submitted:  October 27, 2011      Decided:  November 14, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Corey Fleamon Townsend pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court found Townsend qualified for sentencing pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 225 months' imprisonment. Counsel for Townsend has filed this appeal pursuant Anders v. California, 386 U.S. 738 (1967), averring that there are no non-frivolous issues for appeal, but asking this court to review the armed career criminal designation. In his pro se supplemental brief, Townsend asserts that his attorney provided constitutionally ineffective representation. For the following reasons, we affirm.

Although counsel raises the issue of whether Townsend was properly designated an armed career criminal, he concludes the district court committed no error in this regard. We agree. This court "review[s] de novo whether a defendant's previous conviction was for a predicate offense under the ACCA." United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). Under 18 U.S.C. § 924(e), if a defendant violates § 922(g) after sustaining three prior convictions for violent felonies or serious drug offenses, the statutory mandatory minimum term of

2

imprisonment is fifteen years.  18 U.S.C. § 924(e)(1).  A violent felony is defined as a crime, punishable by a term exceeding one year of imprisonment, that (a) "has as an element the use, attempted use, or threatened use of physical force against" another person; or (b) is burglary, arson, or extortion; involves explosives; "or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).

We have thoroughly reviewed the record and conclude the district court properly determined that Townsend's three prior North Carolina convictions for felony breaking and entering, felony assault with a deadly weapon with intent to kill inflicting serious injury, and felony robbery with a dangerous weapon, qualified as ACCA predicates.  Furthermore, there is no temporal restriction on prior felony offenses for purposes of the ACCA.  See United States v. Presley, 52 F.3d 64, 69-70 (4th Cir. 1995); U.S. Sentencing Guidelines Manual § 4B1.4 cmt. n.1 (2010).  Thus, the fact that the felony breaking and entering conviction was more than fifteen years old at the time of Townsend's sentencing is of no legal significance.

In his pro se supplemental brief, Townsend asserts his trial counsel rendered ineffective assistance by failing to obtain the state court records relevant to his prior convictions.  Claims of ineffective assistance of counsel are

3

not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Townsend's claim is not ripe for review because the record contains no conclusive evidence that counsel was ineffective.

In accordance with the requirements of Anders, we have examined the entire record for any meritorious issues and found none. The district court complied with the mandates of Federal Rule of Criminal Procedure 11 in accepting Townsend's guilty plea, and the within-Guidelines sentence the court imposed was procedurally and substantively reasonable. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Townsend, in writing, of the right to petition the Supreme Court of the United States for further review. If Townsend requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Townsend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4