**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4218**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LEE THOMAS SMITH,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:14-cr-00291-TDS-1)

———————

Submitted:  November 30, 2015          Decided:  January 26, 2016

———————

Before SHEDD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Thomas Smith was convicted by a jury of possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Smith argues that he did not have three prior qualifying convictions justifying application of enhanced sentencing under the Armed Career Criminal Act (ACCA). In addition, he argues that there was insufficient evidence to support his conviction. We affirm.

Smith argues that his prior convictions no longer qualify as "violent felonies" under the ACCA, relying on Johnson v. United States (Johnson I), 135 S. Ct. 2551 (2015), for support. Smith did not properly preserve this issue for appeal; we therefore review it for plain error. Puckett v. United States, 556 U.S. 129, 134 (2009).

Convicted felons are not permitted to possess ammunition. 18 U.S.C. § 922(g) (2012). Persons who violate § 922(g) are subject to an enhanced sentence under the ACCA of 15 years to life in prison if they have three or more serious drug offenses or violent felonies. Id. § 924(e)(1) (2012). A "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

> > (ii) is burglary, arson, or extortion, involves use
> > of explosives, <u>or otherwise involves conduct
> > that presents a serious potential risk of
> > physical injury to another</u> . . . .

<u>Id.</u> § 924(e)(2)(B) (2012) (emphasis added).

The underlined clause has become known as the ACCA's "residual clause." <u>Johnson I</u>, 135 S. Ct. at 2556. In <u>Johnson I</u>, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague and violates due process. <u>Id.</u> at 2557. However, <u>Johnson I</u> did "not call into question application of the [ACCA] to the four enumerated offenses" in § 924(e)(2)(B)(ii), or to "the remainder of the [ACCA's] definition of a violent felony." <u>Id.</u> at 2563. Thus, prior convictions that fall under the "force clause" in § 924(e)(2)(B)(i) are unaffected by <u>Johnson I</u>.

The term "physical force" within the force clause is not statutorily defined. <u>Johnson v. United States</u> (<u>Johnson II</u>), 559 U.S. 133, 138 (2010). Giving the phrase "its ordinary meaning," the Supreme Court determined that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." <u>Id.</u> at 138, 140 (emphasis omitted).

Smith's three predicate felonies for application of the ACCA are North Carolina convictions, one for felony robbery with a dangerous weapon and two for malicious assault in a secret manner. (J.A. 142, 146, 151). In determining whether these felonies

3

qualify as "violent felon[ies]" under the ACCA, courts generally use the "categorical approach" set forth in Taylor v. United States, 495 U.S. 575, 600-02 (1990), and recently clarified in Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). See United States v. McLeod, ___ F.3d ___, ___, No. 14-4766, 2015 WL 6575673, at *3 (4th Cir. Oct. 30, 2015); United States v. Parral-Dominguez, 794 F.3d 440, 444 (4th Cir. 2015). Under the categorical approach, a court may consult only "the fact of conviction and the statutory definition of the prior offense" to determine whether a state crime is a "violent felony." United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (en banc) (quoting Taylor, 495 U.S. at 603); see Descamps, 133 S. Ct. at 2281.

Here, under North Carolina law, robbery with a dangerous weapon consists of the following elements: "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." State v. Small, 400 S.E.2d 413, 416 (N.C. 1991) (internal quotation marks omitted); accord N.C. Gen. Stat. § 14-87 (2013). Because the "use or threatened use of a firearm or other dangerous weapon . . . whereby the life of a person is endangered or threatened," Small, 400 S.E.2d at 416, entails "force capable of causing physical pain or injury to

4

another person," Johnson II, 559 U.S. at 140, robbery with a dangerous weapon involves "the use, attempted use, or threatened use of physical force," § 924(c)(2)(B)(i) and therefore qualifies as a "violent felony" under the force clause.

Smith's other two predicate felonies are state convictions for malicious assault in a secret manner. Under North Carolina law, malicious assault in a secret manner consists of the following elements: "(1) secret manner;* (2) malice; (3) assault and battery; (4) deadly weapon; and (5) intent to kill." State v. Hill, 214 S.E.2d 67, 74 (N.C. 1975); accord N.C. Gen. Stat. § 14-31 (2013). Because the use of a "deadly weapon" with "intent to kill," Hill, 214 S.E.2d at 79, entails "force capable of causing physical pain or injury to another person," Johnson II, 559 U.S. at 140, malicious assault in a secret manner involves "the use, attempted use, or threatened use of physical force," § 924(e)(2)(B)(i), and therefore qualifies as a "violent felony" under the force clause.

Smith cites the abrogation of United States v. White, 571 F.3d 365 (4th Cir. 2009), by Johnson I in support of his argument that felony robbery with a dangerous weapon is not a "violent felony" under the ACCA. However, White dealt not with robbery

---

* The "secret manner" element can be satisfied if either the assailant is lying in wait to assault the victim or the victim is aware of the assailant's presence, but not of his purpose. See State v. Holcombe, 691 S.E.2d 740, 744-46 (N.C. Ct. App. 2010).

with a dangerous weapon, but with conspiracy to commit robbery with a dangerous weapon, see White, 571 F.3d at 367, and is therefore inapposite.

Thus, we conclude that Smith has three predicate offenses under the ACCA and was properly sentenced by the district court.

Smith next argues that the evidence is insufficient to support his conviction. We review de novo the sufficiency of the evidence, United States v. Barefoot, 754 F.3d 226, 233 (4th Cir. 2014), but we may not "reweigh the evidence or the credibility of witnesses," United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). To convict a defendant under § 922(g)(1), the Government must show that (1) the defendant was previously convicted of a crime punishable by a prison term exceeding one year; (2) the defendant knowingly possessed a firearm or ammunition; and (3) "the possession was in or affecting commerce" because the firearm or ammunition "had travelled in interstate or foreign commerce at some point." United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005).

Here, the Government introduced evidence of four shotgun shells found on Smith's person. The deputy who arrested Smith testified that two shells fell out of Smith's pocket during the arrest, and two shells were later found in Smith's back pocket as he was being processed at the local jail. Given that the other elements of 18 U.S.C. § 922(g)(1) were stipulated to by the

parties, the only element in dispute is whether Smith possessed ammunition.

Smith, though acknowledging the prohibition against reweighing the credibility of witnesses, argues that inconsistencies in the deputy's testimony rendered it incredible. We must assume that any alleged contradictions in a witness' testimony were resolved in favor of the Government, Roe, 606 F.3d at 186, and we conclude that a reasonable jury could find the evidence sufficient beyond a reasonable doubt to convict Smith. See United States v. Cornell, 780 F.3d 616, 630 (4th Cir. 2015) (defining substantial evidence).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7