**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 15-4678**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

   v.

OMAR RAMONE VEREEN,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:14-cr-00179-FL-1)

Submitted: July 28, 2017        Decided: August 14, 2017

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Ramone Vereen pled guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012); possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Vereen to 106 months' imprisonment. On appeal, Vereen argues that the district court plainly erred in calculating his Sentencing Guidelines range because the district court incorrectly concluded that his prior conviction for North Carolina assault with a deadly weapon with intent to kill (AWDWIK) is a crime of violence for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2(a) (2014). We affirm.

To establish plain error, Vereen must demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted). An error is plain if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993).

If a defendant has been previously convicted of a "crime of violence" as defined in USSG § 4B1.2(a), then the Guidelines require an increase in the base offense level for the crime of possessing a firearm or ammunition as a felon. USSG § 2K2.1(a)(4)(A). Guidelines § 4B1.2(a) defines a "crime of violence" as an offense punishable by imprisonment for a term exceeding one year that "(1) has an element the use, attempted

2

use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first clause is known as the "force clause." This clause applies to crimes that involve "violent force— that is, force capable of causing physical pain or injury to another person," as opposed to "intellectual force or emotional force." *Johnson v. United States*, 559 U.S. 133, 138, 140 (2010). Additionally, we have recognized in the context of similar force clauses that an offense involves a "use" of force only when the offense requires a mens rea more culpable than recklessness. *See United States v. McNeal*, 818 F.3d 141, 154-56 (4th Cir. 2016) (considering § 924(c)'s force clause); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (considering 18 U.S.C § 16 (2012)'s force clause).

To determine whether a particular crime meets the force clause criteria, we generally employ the categorical approach. *United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013); *see also Descamps v. United States*, 133 S. Ct. 2276, 2285, 2293 (2013). Under the categorical approach, we "focus[] on the elements, rather than the facts, of the prior offense," asking "whether the full range of conduct covered by [the offense], including the most innocent conduct, would qualify as a crime of violence." *United States v. Shell*, 789 F.3d 335, 338-39 (4th Cir. 2015) (alterations and internal quotation marks omitted).

The elements of AWDWIK are: "(1) an assault; (2) with a deadly weapon; (3) with the intent to kill." *State v. Garris*, 663 S.E.2d 340, 349 (N.C. Ct. App. 2008) (internal quotation marks omitted); *see also* N.C. Gen. Stat. § 14-32(c) (2015). Vereen

3

does not dispute that AWDWIK involves violent force. Rather, citing our decision in *United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015), Vereen argues that AWDWIK does not fall within USSG § 4B1.2(a)'s force clause because a conviction for AWDWIK may be obtained by proving a mens rea less culpable than recklessness, and thus, a person may be convicted of AWDWIK for conduct that does not involve a "use" of force.

In *Vinson*, we considered whether the defendant's prior conviction for North Carolina misdemeanor assault on a female categorically qualified as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). 805 F.3d at 124-26. The statutory definition of "misdemeanor crime of domestic violence" is similar to USSG § 4B1.2(a)'s definition of "crime of violence" in that both include a force clause. *See* 18 U.S.C. § 921(a)(33)(A)(ii) (2012). We observed that, for conduct to constitute a "use" of force within the meaning of § 921(a)(33)(A)(ii), the conduct must involve a mens rea more culpable than recklessness. *Vinson*, 805 F.3d at 125. Because North Carolina permits convictions for assault in cases where the defendant's conduct is criminally negligent—a standard less than recklessness—we concluded that North Carolina permits assault convictions "for conduct that does not amount to a use of force," and therefore, North Carolina assault on a female did not categorically qualify as a "misdemeanor crime of domestic violence." *Id.* at 126 (internal quotation marks omitted).

However, we did not consider in *Vinson* an assault offense with an intent to kill element, and North Carolina courts have repeatedly observed that AWDWIK "has, as an element, specific intent to kill." *State v. Coble*, 527 S.E.2d 45, 49 (N.C. 2000); *see also State v. Ferguson*, 135 S.E.2d 626, 628 (N.C. 1964); *State v. Irwin*, 285 S.E.2d 345, 349

4

(N.C. Ct. App. 1982); *State v. Christy*, 215 S.E.2d 154, 155 (N.C. Ct. App. 1975); *cf. State v. Daniel*, 429 S.E.2d 724, 729 (N.C. 1993). Further, the North Carolina pattern jury instructions for AWDWIK state that the jury must find "that the defendant had the specific intent to kill." N.C. Pattern Instructions—Crim. 208.25; *see Vinson*, 805 F.3d at 126 (citing pattern jury instructions). As North Carolina courts have recognized, proving specific intent requires more than showing the disregard of risk required to demonstrate recklessness or criminal negligence. *See State v. Rich*, 527 S.E.2d 299, 304 (N.C. 2000); *State v. Oakman*, 663 S.E.2d 453, 457 (N.C. Ct. App. 2008).

Although Vereen cites dicta from *State v. Jones*, 538 S.E.2d 917, 923 (N.C. 2000), that seems to support his position, we conclude that Vereen cannot demonstrate plain error. In light of the North Carolina precedent cited herein, Vereen cannot clearly show that a person may be convicted of AWDWIK through proof of a mens rea less culpable than recklessness, and therefore, he cannot establish that AWDWIK obviously encompasses conduct that does not involve a "use" of force. Thus, Vereen cannot demonstrate plain error in the conclusion that AWDWIK qualifies as a crime of violence under USSG § 4B1.2(a)'s force clause.[*]

---

[*] Furthermore, we conclude that Vereen cannot establish plain error in the conclusion that AWDWIK qualifies as a crime of violence under USSG § 4B1.2(a)'s residual clause. *See United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) (considering residual clause to determine whether offense is crime of violence). Although the residual clause was removed from the Guidelines in August 2016, the clause was in effect at the time of Vereen's sentencing hearing. Vereen argues that AWDWIK does not fall within the residual clause because the residual clause requires, at a minimum, a mens rea of recklessness. *See United States v. Martin*, 753 F.3d 485, 493 (4th Cir. 2014). However, Vereen has not clearly demonstrated that a person may be (Continued)

5

We also acknowledge that this court has repeatedly, albeit without discussion, accepted that AWDWIK or similar state offenses are crimes of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012). *See United States v. Smith*, 638 F. App'x 216, 219 (4th Cir. 2016) (No. 15-4218) (malicious assault in a secret manner, which requires proof of assault with deadly weapon with intent to kill); *United States v. Townsend*, 453 F. App'x 425, 427 (4th Cir. 2011) (No. 11-4196) (assault with deadly weapon with intent to kill inflicting serious injury); *United States v. Callahan*, 179 F. App'x 200, 201-02 (4th Cir. 2006) (No. 04-4409) (assault with deadly weapon with intent to kill or inflict serious injury); *United States v. Williams*, 187 F.3d 429, 430-31 (4th Cir. 1999) (AWDWIK). Against this backdrop, we conclude that Vereen has not established plain error in the district court's calculation of his Guidelines range. *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

convicted of AWDWIK based on criminally negligent behavior. To the contrary, the North Carolina cases cited above explain that AWDWIK is a specific intent crime.